# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STEVEN GRIFFITHS, | ) | 1:15-cv-01226-LJO-BAM (PC) |
| Plaintiff, | ) ) | SCREENING ORDER DISMISSING |
| v. | ) ) | ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE |
| R. TOLSON, et al., | ) ) | GRANTED, WITH LEAVE TO AMEND |
| Defendants. | ) ) | (ECF No. 15) |
| | ) ) | **THIRTY (30) DAY DEADLINE** |

Plaintiff Steven Griffiths ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's amended complaint, filed November 7, 2016, is currently before the Court for screening. (ECF No. 15.)

**I.      Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937,

1949 (2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." <u>Doe I v. Wal-Mart Stores, Inc.</u>, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. <u>Hebbe v. Pliler</u>, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, <u>Iqbal</u>, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); <u>Moss v. United States Secret Service</u>, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. <u>Iqbal</u>, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); <u>Moss</u>, 572 F.3d at 969.

## II.     **Plaintiff's Allegations**

Plaintiff is currently incarcerated at R.J. Donovan Correctional Facility. The events in the complaint are alleged to have occurred at Kern Valley State Prison and California Substance Abuse Treatment facility and State Prison (CSTAF/SP). Plaintiff names the following defendants:  (1) Acting Chief Deputy Warden R. Tolson; and (2) Acting Captain, K. Ramirez.

Plaintiff alleges as follows:

> "Plaintiff alleges a failure to protect by not granting a 602 appeal safety concern issue and medical disability issues regarding single cell.  Plaintiff contends that defendants K. Ramirez and warden Tolson oversaw plaintiff's/appellant's 602 grievances at First and Second levels of appeal.  Both defendants were aware of the potential violence appellant faced if he were to be double celled.  Both defendants were aware of the physical injuries appellant suffered when he was assaulted in his cell by four different cell mates.  And dispite [sic] these facts in evidence (602) showed a deliberate indifference by not granting plaintiff's 602 appeal and maintaining him in a double celled environment.  As such, both defendants were responsible for his double cell status." (ECF NO. 15, p.3-4.)

Plaintiff seeks declaratory judgment, compensatory and punitive damages.

### III. Discussion

#### A. Rule 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557.

Plaintiff's amended complaint is short, but fails to set forth the necessary facts to state a claim that is plausible on its face. Plaintiff's complaint lacks basic details, such as what happened, when it happened and who was involved. Plaintiff's generalized and conclusory statements and recitals of the elements of a claim are not sufficient. Plaintiff fails to describe specific actions taken by the defendants named in his complaint which violated his constitutional rights. Plaintiff's amended complaint contains less factual information than the original complaint. In the original screening, Plaintiff was informed that the amended complaint must be complete in and of itself. The Court will not incorporate allegations from a prior, superseded complaint.

#### B. Supervisory Liability and Linkage

As a threshold issue, under § 1983, Plaintiff must link the named defendants to the participation in the violation at issue. Iqbal, 129 S. Ct. at 1948–49; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020–21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Liability may not be imposed on supervisory personnel under the theory of respondeat superior, Iqbal, 129 S. Ct. at 1948–49; Ewing, 588 F.3d at 1235, and administrators may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–08 (9th Cir. 2011); Corales, 567 F.3d at 570; Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997). Some culpable action or inaction must be attributable to defendants and while the creation or enforcement of, or acquiescence in, an unconstitutional policy may support a claim, the policy must have been the moving force behind the violation. Starr, 652 F.3d at 1205; Jeffers v. Gomez, 267 F.3d 895, 914–15 (9th Cir. 2001); Redman v. County of San Diego, 942 F.2d 1435, 1446–47 (9th Cir. 1991); Hansen v. Black, 885 F.2d 642, 646 (9th Cir.1989).

Although Plaintiff has named Acting Chief Deputy Warden Tolson and Acting Captain Ramirez, he has not made any allegations against any of these defendants. Plaintiff has not alleged any facts linking these defendants to acts or omissions showing that the defendant participated in or directed the violation of any of his Constitutional rights, or that they knew of the violations and failed to prevent them. Iqbal, 129 S. Ct. at 1948–49; Ewing, 588 F.3d at 1235. His conclusory statement that defendants knew of the violations and failed to prevent them is

conclusory. To the extent Plaintiff attempts to hold any defendant liable based solely on a position of authority, he cannot do so. Plaintiff will be granted leave to amend these deficiencies.

### C. Inmate Appeals Process

Plaintiff alleges that the Defendants improperly responded to his inmate appeals. Defendants' actions in responding to Plaintiff's appeals, alone, cannot give rise to any claims for relief under section 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F. Supp. at 10. Actions in reviewing a prisoner's administrative appeal, without more, are not actionable under section 1983. Buckley, 997 F.2d at 495.

Thus, since he has neither a liberty interest, nor a substantive right in inmate appeals, Plaintiff fails to state a cognizable claim for the processing and/or reviewing of his 602 inmate appeals.

### D. Deliberate Indifference

To the extent Plaintiff is attempting to allege an Eighth Amendment claim, the Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2005). Prison officials must provide prisoners with medical care and personal safety and must take reasonable measures to guarantee the safety of the inmates. Farmer v. Brennan, 511 U.S. 825, 832-33, 114 S. Ct. at 1976 (1994) (internal citations and quotations omitted). Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners because being violently assaulted in prison is simply not part of the penalty that criminal

offenders pay for their offenses against society. Farmer, 511 U.S. at 833-34 (quotation marks omitted); Clem v. Lomeli, 566 F.3d 1177, 1181 (9th Cir. 2009); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005).

However, prison officials are liable under the Eighth Amendment only if they demonstrate deliberate indifference to conditions posing a substantial risk of serious harm to an inmate; and it is well settled that deliberate indifference occurs when an official acted or failed to act despite his knowledge of a substantial risk of serious harm. Farmer, 511 U.S. at 834, 841 (quotations omitted); Clem, 566 F.3d at 1181; Hearns, 413 F.3d at 1040. Where the failure to protect is alleged, the defendant must knowingly fail to protect plaintiff from a serious risk of conditions of confinement where defendant had reasonable opportunity to intervene. Orwat v. Maloney, 360 F.Supp.2d 146, 155 (D. Mass. 2005), citing Gaudreault v. Municipality of Salem, 923 F.2d 203, 207 n. 3 (1st Cir. 1991); see also Borello v. Allison, 446 F.3d 742, 749 (7th Cir. 2006) (defendant's deliberate indifference must effectively condone the attack by allowing it to happen); accord, Farmer, 511 U.S. at 833-834 (if deliberate indifference by prison officials effectively condones the attack by allowing it to happen, those officials can be held liable to the injured victim). "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstrating in the usual ways, including inference from circumstantial evidence, and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." Farmer, 511 U.S. at 842.

To the extent Plaintiff is attempting to allege a "failure to protect" cause of action, he must state sufficient factual allegations of deliberate indifference. Plaintiff has not alleged sufficient factual detail to state a claim for the deliberate indifference against Acting Chief Deputy Warden Tolson or Acting Captain Ramirez. It appears they only reviewed his 602 appeals. As explained above, the appeals process does not create a substantive right. Involvement in reviewing an inmate's administrative appeal does not necessarily demonstrate awareness of an alleged violation, or contribute to the underlying violation. George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007); Peralta v. Dillard, 744 F.3d 1076, 1086-87 (9th Cir. 2014).
///

### IV. Conclusion and Order

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff will be granted **one final opportunity** to file an amended complaint within **thirty (30) days**. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in and of itself without reference to the prior or superseded pleading," Local Rule 220.

"All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send to Plaintiff a civil rights complaint form;
2. Plaintiff's amended complaint, filed November 7, 2016, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint or a notice of voluntary dismissal; and

4. **If Plaintiff fails to file an amended complaint in compliance with this order, the Court will dismiss this action, with prejudice, for failure to state a claim and to obey a court order**.

IT IS SO ORDERED.

Dated: **November 10, 2016**           /s/ *Barbara A. McAuliffe*
                                       UNITED STATES MAGISTRATE JUDGE