# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN GRIFFITHS, | Case No. 1:15-cv-01226-LJO-BAM (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS |
| v. | |
| R. TOLSON, et al., | (ECF Nos. 19, 20) |
| Defendants. | **FOURTEEN (14) DAY DEADLINE** |

**Findings and Recommendations Following Screening**

**I. Background**

Plaintiff Steven Griffiths ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on August 10, 2015. (ECF No. 1.)

On May 25, 2017, the Court screened Plaintiff's second amended complaint under 28 U.S.C. § 1915A, and found that it stated cognizable claims for failure to protect in violation of the Eighth Amendment against Defendant Ramirez, but failed to state a cognizable claim against any other defendants. The Court provided Plaintiff with an opportunity to file a third amended complaint or notify the Court of his willingness to proceed only on his cognizable claims. (ECF No. 20.)

///

1

On June 22, 2017, Plaintiff notified the Court of his willingness to proceed only on his cognizable claims. (ECF No. 21.) Accordingly, the Court issues the following Findings and Recommendations.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently incarcerated at R.J. Donovan Correctional Facility. The events in the complaint are alleged to have occurred at Kern Valley State Prison and California Substance Abuse Treatment facility and State Prison (CSTAF/SP). Plaintiff names the following defendants: (1) Acting Chief Deputy Warden R. Tolson; and (2) Acting Captain, K. Ramirez.

///

Plaintiff alleges as follows:

On July 31, 2013, Plaintiff was seen by the classification committee to determine Plaintiff's safety issues. The warden had granted/modified an appeal and directed staff to convene a committee hearing to determine Plaintiff's single cell needs. Defendants were committee members. Defendant K. Ramirez had interviewed Plaintiff before the committee meeting, on four occasions, concerning the history of in cell assaults. Plaintiff provided the names of four cellmates who had previously assaulted Plaintiff in his cell and gave Defendant Ramirez the injury reports from the assaults. Plaintiff provided Defendant Ramirez documentation from other inmates about intolerable conditions within Plaintiff's cell due to Plaintiff's colostomy and urinary catheterizations. (ECF No. 19, p. 4.) The committee incorrectly and falsely stated that in cell assaults has not occurred and continued to double cell Plaintiff. Plaintiff was subjected to further in cell abuse and injury from inmates who were forced into Plaintiff's cell.

### III. Discussion

#### A. Rule 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–57.

Plaintiff's amended complaint is short, but fails to set forth the necessary facts to state a claim that is plausible on its face. Plaintiff fails to link Defendant Tolson to any conduct other than granting the appeal and participating in the committee.

///

///

**B. Supervisory Liability and Linkage**

As a threshold issue, under § 1983, Plaintiff must link the named defendants to the participation in the violation at issue. Iqbal, 556 U.S. at 677; Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1020–21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Liability may not be imposed on supervisory personnel under the theory of respondeat superior, Iqbal, 556 U.S. at 677; Ewing, 588 F.3d at 1235, and administrators may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–08 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark Cty. Sch. Bd. of Trs., 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997). Some culpable action or inaction must be attributable to defendants and while the creation or enforcement of, or acquiescence in, an unconstitutional policy may support a claim, the policy must have been the moving force behind the violation. Starr, 652 F.3d at 1205; Jeffers v. Gomez, 267 F.3d 895, 914–15 (9th Cir. 2001); Redman v. Cty. of San Diego, 942 F.2d 1435, 1446–47 (9th Cir. 1991); Hansen v. Black, 885 F.2d 642, 646 (9th Cir.1989).

Plaintiff has not alleged any facts linking Defendant Tolson to acts or omissions showing that the defendant participated in or directed the violation of any of his constitutional rights, or that this defendant knew of the violations and failed to prevent them. Iqbal, 556 U.S. at 677; Ewing, 588 F.3d at 1235. To the extent Plaintiff attempts to hold any defendant liable based solely on a position of authority, he cannot do so.

### C. Deliberate Indifference

To the extent Plaintiff is attempting to allege an Eighth Amendment claim, the Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2005). Prison officials must provide prisoners with medical care and personal safety and must take reasonable measures to guarantee the safety of the inmates. Farmer v. Brennan, 511 U.S. 825, 832–33 (1994) (internal citations and quotations omitted). Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners because being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society. Farmer, 511 U.S. at 833–34 (quotation marks omitted); Clem v. Lomeli, 566 F.3d 1177, 1181 (9th Cir. 2009); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005).

However, prison officials are liable under the Eighth Amendment only if they demonstrate deliberate indifference to conditions posing a substantial risk of serious harm to an inmate; and it is well settled that deliberate indifference occurs when an official acted or failed to act despite his knowledge of a substantial risk of serious harm. Farmer, 511 U.S. at 834, 841 (quotations omitted); Clem, 566 F.3d at 1181; Hearns, 413 F.3d at 1040. Where the failure to protect is alleged, the defendant must knowingly fail to protect plaintiff from a serious risk of conditions of confinement where defendant had reasonable opportunity to intervene. Orwat v. Maloney, 360 F.Supp.2d 146, 155 (D. Mass. 2005), citing Gaudreault v. Municipality of Salem, 923 F.2d 203, 207 n.3 (1st Cir. 1991); see also Borello v. Allison, 446 F.3d 742, 749 (7th Cir. 2006) (defendant's deliberate indifference must effectively condone the attack by allowing it to happen); accord, Farmer, 511 U.S. at 833–34 (if deliberate indifference by prison officials effectively condones the attack by allowing it to happen, those officials can be held liable to the injured

victim). "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstrating in the usual ways, including inference from circumstantial evidence, and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." <u>Farmer</u>, 511 U.S. at 842.

Plaintiff states a cognizable claim against Defendant Ramirez. Plaintiff told Ramirez of prior assaults from cellmates because of Plaintiff's medical condition, and presented other documentation of the assaults to Defendant. Plaintiff alleges that Defendant Ramirez knew that Plaintiff faced a substantial risk of harm, yet Defendant Ramirez assigned Plaintiff to be double celled and Plaintiff was again assaulted. However, Plaintiff has not alleged sufficient factual detail to state a claim for the deliberate indifference against Acting Chief Deputy Warden Tolson.

### IV. Conclusion and Recommendation

Plaintiff has stated a cognizable claim against Defendant Ramirez for failure to protect in violation of the Eighth Amendment. The Court therefore recommends that Plaintiff's remaining claims and Defendant Tolson be dismissed from this action. Plaintiff was provided with an opportunity to file a third amended complaint, but opted to proceed on the cognizable claims. As such, the Court does not recommend granting further leave to amend.

Based on the foregoing, it is HEREBY RECOMMENDED as follows:

1. This action proceed on Plaintiff's second amended complaint, filed on January 5, 2017, against Defendant Ramirez for failure to protect in violation of the Eighth Amendment;
2. Plaintiff's remaining claims be dismissed from this action; and
3. Defendant Tolson be dismissed from this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the

magistrate's factual findings" on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

   Dated: **June 23, 2017**           /s/ *Barbara A. McAuliffe*
                                                        UNITED STATES MAGISTRATE JUDGE