# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN GRIFFITHS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>K. RAMIREZ,<br><br>　　　　Defendant. | Case No. 1:15-cv-01226-LJO-BAM (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 35) |

　　　Plaintiff Steven Griffiths ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's second motion for appointment of counsel, filed October 2, 2017. (ECF No. 35.)

　　　In support of his motion, Plaintiff states that he has received the Court's September 15, 2017 Discovery and Scheduling Order, and he does not possess the necessary skills to meet the burden of discovery requests. Plaintiff states that he has a limited education, reading skills, and vision, and has been dependent on other inmates to do his legal work. He cannot secure any other inmates to conduct discovery. Plaintiff further states that his imprisonment will limit his ability to litigate because he has no access to the law library and limited knowledge of the law. Plaintiff is unable to afford counsel that would better enable Plaintiff to present evidence and cross examine witnesses at trial, and Plaintiff has made repeated efforts to obtain a lawyer. (Id.)

　　　As Plaintiff was previously informed, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to

1

represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The Court has considered Plaintiff's motion for the appointment of counsel, but again does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases involving claims of failure to protect filed by prisoners proceeding pro se and in forma pauperis almost daily. These prisoners also must conduct discovery, perform legal research, and prosecute claims without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Although the Court has determined Plaintiff has stated some claims which may proceed in litigation, it has not determined that those claims have a likelihood of ultimately being successful. Also, based on a review of the limited record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

For the foregoing reasons, Plaintiff's second motion for the appointment of counsel (ECF No. 35) is DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **October 4, 2017**         /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE

2